UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSEPH FISCHER, et al.,

                Plaintiffs,         **ORDER**
                                                                                        CV 05-6055 (JS)(ARL)
       -against-

TOWN OF BROOKHAVEN, et al.,

                Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      At an initial conference held April 12, 2006 this court entered a discovery schedule which required that all discovery be completed by December 5, 2006. On November 28, 2006, the parties sought judicial intervention for discovery issues they had not attempted to resolve in accordance with their obligations under the local rules. Accordingly, by order dated November 30, 2006, the court directed the parties to meet and confer in an attempt to resolve their outstanding discovery issues. To date they have not done so with each party essentially claiming that the other side failed to make a telephone call. To make matters worse, plaintiffs' counsel did not appear for today's conference, which was to be a final conference, and instead sent a surrogate who was not fully familiar with the issues in this case. Plaintiffs' correspondence to the court reports that he is unavailable until March 2007and asks the court to defer all discovery until his return to the area.

      Notwithstanding the parties' failure to meet and confer, this court undertook a review of the open discovery issues and resolved defendants' motion to compel as follows:

     Items 1 and 5 are withdrawn by defendants.

     Item 2: Plaintiffs are directed to provide the names of any tenants or non-parties who

were present when the trespasses, searches or violations described in the complaint occurred.

Items 3: To the extent plaintiffs claim that violations or notices of violations occurred beyond those identified in defendants' discovery responses they must provide the defendants with a specific listing of the dates and properties where such violations occurred. Additionally, with respect to any alleged trespasses, plaintiffs must identify when and where such trespasses occurred and who committed the trespass if they claim that trespasses occurred beyond what the defendants' document production revealed. Plaintiffs are cautioned that a broad, non-specific response will not satisfy their obligation. If plaintiffs do not provide specific details with respect to any additional violations or trespasses they will be limited in their proof to what is reflected in defendants' document production.

Item 4: Plaintiffs are directed to provide a damages or loss calculation.

Item 7: Plaintiffs are directed to identify with specificity those violations, trespasses and notices form the basis of this action. Again, plaintiffs are cautioned that a broad, non-specific response will not suffice.

With respect to plaintiffs' discovery objections the court rules as follows:

Items 2, 3, 9 the plaintiffs' objections are overruled as the court finds the responses sufficient.

Item 4: Plaintiffs are directed to identify any third-party whose statements or complaint were relied upon in the prosecution of the violations identified in the defendants' document production.

Item 5: Defendants' objection is sustained and they are directed to respond only to the extent this interrogatory applies to the press or members of the community.

Item 7: Plaintiffs' objection is overruled except to the extent that the defendants are

aware of any third parties described in Item 4.

Discovery responses consistent with this ruling are to be completed by **January 19, 2007**. Failure to timely complete responses will result in preclusion. Any additional discovery must be completed by **March 30, 2007**. A joint pretrial order must be submitted by **April 11, 2007**. The final conference before the undersigned will be held on **April 16, 2007 at 11:00 a.m.** The parties are forewarned that given the history of this case that no further adjournments will be granted.

Dated: Central Islip, New York
       January 8, 2007

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge